UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STATE NATIONAL INSURANCE COMPANY, INC.,**   Plaintiff, v.  **DAMON TREADWELL**, *et al.*,   Defendants. | Case No. 2:24-cv-1424-HDM |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on a second motion for default judgment as to Defendant Rodreecas Brown by Plaintiff State National Insurance Company ("State National"). (Doc. 60). After the Clerk entered default against Mr. Brown (doc. 53), State National moved under Federal Rule of Civil Procedure 55(b)(2) for a default judgment seeking a declaratory judgment, (doc. 60). Because State National's well-pleaded allegations support its claim for a declaratory judgment, the motion is **GRANTED**.

# BACKGROUND

## I. Factual Allegations

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation marks omitted). Below are the facts alleged by State National, taken as true and construed in the light most favorable to State National.

In this action, State National is seeking a declaratory judgment to determine its obligation to provide a defense or indemnity to Mr. Brown in the underlying litigation pursuant to the terms of the State National Policy issued to Mr. Brown. (Doc. 1). As alleged in the complaint in the underlying litigation, Damon and Catherine Treadwell—the plaintiffs in the underlying litigation—claim that Brown and BCR entered a contract to construct a home and that the Treadwells paid $284,576.02 toward the construction costs. (Doc. 1-1). The Treadwells allege that Mr. Brown and BCR performed no work on the home after June 2023, failed to perform work essential to completion of the home (i.e., delayed completion), misrepresented that certain construction was complete in order to receive payment, and did not intend to finish construction of the home, all of which damaged the Treadwells. *Id.* Based on these alleged facts, the Treadwells sued Mr. Brown and BCR for breach of contract and fraud by filing the complaint in the underlying litigation in state court on November 13, 2023. (Doc. 1-3). The Treadwells filed an

amended complaint adding State National as a defendant, (doc. 1-1), but the state court dismissed State National based on the Treadwells' Motion to Dismiss, (doc. 1-2). State National was notified of the underlying litigation by Mr. Brown. (Doc. 1 at 9). Following its investigation—including a review of the allegations in the underlying complaint and a discussion with Brown—State National declined to provide a defense or coverage to Mr. Brown or BCR for the Treadwells' claims. *Id.* State National determined that the Policy did not provide coverage for the conduct attributed to Mr. Brown and BCR in the underlying suit. *Id.*

At the time of the incident, the Policy issued to Mr. Brown was in effect.[1] (Doc. 1-4). The Policy excluded coverage for contractual liability, fraudulent acts, and delay. *Id.* at 62-63. Thus, State National argues, according to these Policy provisions and others applicable, there is no duty for State National to provide Mr. Brown[2] with a defense or indemnity under the terms and conditions of the Policy.

## II. Procedural History

State National filed its complaint on October 10, 2024. (Doc. 1). The summons as to Mr. Brown was returned executed on April 30, 2025, and reflected

---

[1] Policy No. NXTECHORLK-01-GL, in effect from March 24, 2022, to March 24, 2023, provided commercial general liability, commercial automobile, and contractors' errors-and-omissions coverage, among others, with limits of $1,000,000 per occurrence and $2,000,000 aggregate. (Doc. 1-4).

[2] State National makes the same argument with respect to BCR. (Doc. 1). Default judgment has already been granted against BCR. (Doc. 59).

3

that Mr. Brown was served with the complaint on April 29, 2025. (Doc. 19). Mr. Brown did not answer or otherwise defend against the complaint. On July 25, 2025, State National moved for an entry of default as to Mr. Brown, (doc. 40), which the Clerk of Court entered, (doc. 43). On July 31, 2025, Mr. Brown moved for the court to set aside the default against him. (Doc. 45). The court did so, giving Mr. Brown an additional week in which to file an answer or otherwise defend against State National's complaint. (Doc. 49). Mr. Brown failed to do so, and he still has not filed any answer or defense. In the meantime, State National moved for, (doc. 51), and—after a hearing on the issue—was awarded a default judgment against BCR, (doc. 59), whose posture in this case is essentially identical to Mr. Brown's.

On November 13, 2025, State National moved for a second entry of default as to Mr. Brown, (doc. 52), which the Clerk of Court entered, (doc. 53). On January 14, 2026, State National moved for default judgment against Mr. Brown. (Doc. 60).[3]

---

[3] "[I]t is perhaps debatable whether the 7-day notice requirement of Rule 55(b)(2) applies where, as here, a hearing is not required." *Pichardo v. Lucky Cousins Trucking, Inc.*, No. 5-16-cv-1248, 2019 WL 1572936, at *2 (W.D. Tex. Apr. 10, 2019). *See also Cargill Inc. v. Cohen*, 115 F.R.D. 259, 261 (M.D. Ga. 1987) ("Even though the rule states that notice shall be given three days prior to the hearing, Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment.") (citing *S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. Oct. 1981)). Regardless, State National served Mr. Brown with written notice of the application for default judgment more than seven days before the hearing. It did so by mailing a copy of its motion, via certified mail, to Mr. Brown's address of record. (*See* Doc. 51). It also filed its motion via CM/ECF, (doc. 51), after Mr. Brown had made an appearance, (doc. 47). *See* Fed. R. Civ. P. 5(b)(E) (allowing service via the court's electronic-filing system if the recipient consents to such service) *and* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, CIVIL ADMINISTRATIVE PROCEDURES MANUAL FOR CASE MANAGEMENT/ELECTRONIC CASE FILES (CM/ECF) SYSTEM 11 (2021) (requiring users of

A hearing on State National's motion for default judgment is not necessary. *See Maxum Indem. Co. v. CMR Props.*, No. 2:16-cv-00977, 2017 WL 6406519, at *3 (N.D. Ala. Dec. 15, 2017) (noting that because the plaintiff "seeks only a declaratory judgment . . . an evidentiary hearing is unnecessary and the court may adjudicate the matter of default upon request of the plaintiff." (internal quotation marks omitted); *Nat'l Gen. Ins. Co. v. Martin*, No. 5:24-cv-681, 2024 WL 6910361, at *2 n.1 (N.D. Ala. Oct. 10, 2024).

## DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, after an entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered," which means that "the complaint [must] contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation marks omitted). "Conceptually, then, a motion for default judgment is like a reverse motion

---

CM/ECF to consent to service via CM/ECF). *See also Savoia-McHugh v. Glass*, 95 F.4th 1337, 1340 n.5 (11th Cir. 2024).

to dismiss for failure to state a claim." *Id.* "When a defendant defaults, [it] admits the plaintiff's well-pleaded allegations of fact." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (internal quotation marks omitted).

Rule 57 provides the procedural basis for parties to bring declaratory judgment actions in federal court. Fed. R. Civ. P. 57. Section 2201(a), the Declaratory Judgment Act, creates the substantive statutory authority for federal courts to issue declaratory judgments. *See* 28 U.S.C. § 2201(a). The Act is an enabling act, which extends the court's jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). It states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . . Any such declaration shall have the force and effect of a final judgment . . . and shall be reviewable as such." 28 U.S.C. § 2201(a).

Here, the Clerk has entered default against Mr. Brown, so the court must determine whether the well-pleaded factual allegations support State National's claim for declaratory judgment. State National seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq.*, that it is not obligated to provide a defense or indemnity to Mr. Brown in the underlying litigation under the Policy. (Doc. 60 at 1). This is because the underlying action

6

involves contractual liability, fraudulent acts, and delay, none of which are covered by the Policy. (Doc. 1 at 15).

Based on the allegations, accepted as true, in State National's amended complaint, State National has stated a claim for a declaratory judgment that it is not obligated to provide a defense or indemnity to Mr. Brown in the underlying litigation pursuant to the terms of the Policy issued to Mr. Brown. Accordingly, State National's motion for default judgment on its declaratory judgment claim is **GRANTED**.

**DONE** and **ORDERED** on January 23, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE