FILED
2026 Mar-13 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STATE NATIONAL INSURANCE COMPANY, INC.,**<br><br>     Plaintiff,<br><br>v.<br><br>**DAMON TREADWELL,** *et al.***,**<br><br>     Defendants. | Case No. 2:24-cv-1424-HDM |

## MEMORANDUM OPINION AND ORDER

Before the court is a Motion for Entry of Final Judgment by Plaintiff State National Insurance Company ("State National"). (Doc. 64). For the reasons explained below, the motion is due to be **DENIED**.

This declaratory-judgment action was brought by State National against Defendants Rodreecas Brown, BCR Development, LLC ("BCR"), Damon Treadwell, and Catherine Treadwell. (*See* Doc. 1). It concerns whether State National has a duty to defend or indemnify its insureds—Brown and BCR—in connection with the Treadwells' underlying state-court lawsuit arising from the construction of the Treadwells' residence. *See id.* This court previously entered default judgments against BCR and Brown after those defendants failed to answer

or otherwise defend against State National's complaint. (Docs. 59, 63). State National now argues that those default judgments resolve all issues in this action and requests entry of a final judgment closing the case. (*See* Doc. 64). The court disagrees.

Although default judgment has been entered against Brown and BCR, Defendants Damon and Catherine Treadwell have appeared and continue to contest State National's claim that the insurance policy affords no coverage. (*See, e.g.*, Doc. 37 (Answer to Complaint)). A default judgment admits only the well-pleaded factual allegations of the complaint against the defaulting party; it does not establish those facts against non-defaulting defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that when a plaintiff "makes a joint charge against several defendants, and one of them makes default," the court should "proceed with the cause upon the answers of the other defendants"). Thus, the default judgments against Brown and BCR cannot operate to adjudicate the rights of the Treadwells, who are actively defending this case.

Nevertheless, when multiple defendants are involved in an action and their potential liability turns on common issues, courts must avoid entering judgments that could produce logically inconsistent outcomes. *Frow*, 82 U.S. at 554. In *Frow v. De La Vega*, the Supreme Court held that a court should not enter judgment against a defaulting defendant where doing so could result in inconsistent adjudications as

to similarly situated non-defaulting defendants. *Id.* Courts in the Eleventh Circuit have repeatedly applied this principle, explaining that courts should not enter a judgment where doing so could create "logically inconsistent judgments" among defendants. *See, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Montano*, No. 6:18-cv-1607-ORL-31GJK, 2019 WL 11648519, at *3 (M.D. Fla. July 15, 2019) (citing *Frow*, 82 U.S. at 554).

The risk of inconsistency is present here. The central issue in this action—whether the State National policy provides coverage for the claims asserted in the underlying litigation—remains actively disputed between State National and the Treadwells. (*See* Doc. 66 (arguing against a grant of final judgment in favor of State National)). Entering final judgment based solely on the defaults of Brown and BCR would effectively determine the coverage issue without affording the Treadwells an opportunity to litigate the matter on the merits and could create conflicting determinations if the court were later to conclude that coverage exists with respect to the Treadwells' claims. Accordingly, entry of final judgment at this stage would be improper.

The court's prior default judgments adjudicate fewer than all of the rights and liabilities of the parties and therefore remain interlocutory orders. Under Federal Rule of Civil Procedure 54(b), such orders "may be revised at any time" before entry of a final judgment resolving all claims as to all parties. Fed. R. Civ. P. 54(b); *see*

3

also Bache & Co. v. Taylor, 458 F.2d 395, 395–96 (5th Cir. 1972) ("[D]efault judgments entered against the defendants are subject to alteration by the lower court until it disposes of all the claims against all of the parties."); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479, 2021 WL 289597, at *2 (N.D. Ala. Jan. 28, 2021) ("A default judgment that does not dispose of all of the claims among all parties is not a final judgment unless the court directs entry of final judgment under Rule 54(b). *Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time.* The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.") (quoting Fed. R. Civ. P. 55(c) advisory committee's note). Consistent with Rule 54(b), the court retains the authority to revisit the default judgments entered against Brown and BCR if necessary to prevent inconsistent results once the coverage dispute between State National and the Treadwells is resolved on the merits.

For these reasons, State National's Motion for Entry of Final Judgment, (doc. 64), is **DENIED**.

**DONE** and **ORDERED** on March 13, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE