FILED

2026 Mar-17  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **STATE NATIONAL INSURANCE COMPANY, INC.,** | |
| **Plaintiff**, | |
| **v.** | **Case No. 2:24-cv-1424-HDM** |
| **DAMON TREADWELL**, *et al.*, | |
| **Defendants**. | |

**<u>SHOW CAUSE ORDER</u>**

On February 26, 2026, Plaintiff State National Insurance Company, Inc. ("State National"), moved for entry of final judgment after default judgment was entered against multiple defendants. (Doc. 64). This court ordered Defendants Damon Treadwell and Catherine Treadwell ("the Treadwells") to respond to State National's motion by March 12. (Doc. 65). On March 12, the Treadwells' attorney, Mr. Edward E. May, II, filed a response. (Doc. 66).

In Mr. May's response—the entirety of which is organized in a non-traditional bullet-point style—he includes two quotations. (*See* Doc. 66 at 4). The first quote is as follows:

21.  The Eleventh Circuit's predecessor court explained in *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975):

> A default judgment is unassailable on the merits only so far as it is supported by well-pleaded allegations… but it does not establish facts against non-defaulting defendants.

*Id.* The second quote, included within a parenthetical, is as follows:

27.  See *Whelan v. Abell, 953 F.2d 663, 674 (D.C. Cir. 1992)* ("Default judgment cannot be used to establish liability against non-defaulting defendants.").

*Id.* The court has searched thoroughly for each of these quotes, and neither appears to exist.

The first quote is cited to *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *Nishimatsu* is a real Fifth Circuit case from 1975, and it does say that "[a] default judgment is unassailable on the merits *but* only so far as it is supported by well-pleaded allegations, assumed to be true." *Id.* at 1206 (emphasis added). However, the second half of Mr. May's quote—"but it does not establish facts against non-defaulting defendants"—does not appear anywhere in *Nishimatsu*. Nor has the court found that *proposition* stated in *Nishimatsu*, in those words or otherwise. In fact, after a thorough search, the court cannot find that quote in *any* authority the court reviewed.

The second quote is cited to *Whelan v. Abell*, 953 F.2d 663, 674 (D.C. Cir. 1992). Like *Nishimatsu*, *Whelan* is a real case. But—again, like *Nishimatsu*—the

quoted language appears nowhere in *Whelan*. Indeed, although *Whelan* is about inconsistent judgments stemming from a default judgment, nowhere does it appear to even imply that "[d]efault judgment cannot be used to establish liability against non-defaulting defendants." And as was the case with Mr. May's purported *Nishimatsu* quote, the court cannot find the *Whelan* quote in any authority the court reviewed.

The presence of these two quotes, along with the non-traditional bullet-point style of his brief, leads the court to believe that Mr. May, possibly using generative artificial intelligence, fabricated quotations from legal authority. Accordingly, Mr. May is **ORDERED** to review all of his filings in this case, and if any other misrepresentations of law—be they nonexistent quotations, nonexistent cases, or any other misrepresentation of law—are brought to Mr. May's attention by his own review or otherwise,[1] they shall be subject to this Order.

Mr. May, as the only attorney to have appeared on behalf of the Treadwells and the only signatory on the response brief primarily in question, is **ORDERED** to show good cause, if there be any, why he should not be sanctioned—based on the quotations identified in this order and any additional misrepresentations of law discovered in Mr. May's filings in this case—under Federal Rule of Civil Procedure

---

[1] If any party in this case should come across such a misrepresentation of law, notice of such finding should be filed in CM/ECF in order to bring it to Mr. May's and the court's attention.

11, the court's inherent authority, Local Rule 83.1(f), and/or Alabama Rule of Professional Conduct 3.3 for making false statements of fact or law to the court, not later than **3:00 PM Central Daylight Time on Tuesday, March 24, 2026**. Mr. May is **ORDERED** to append to his filings copies of each legal authority from which an allegedly fabricated passage was quoted, with the quotation highlighted. If any other misrepresentations of law exist in any other of his filings in this case, Mr. May is **ORDERED** to similarly append copies of the cited authority with relevant portions highlighted. If Mr. May cannot provide such copies for each alleged misrepresentation, he is further **ORDERED** to submit a sworn declaration that provides a thorough explanation for how any disputed filing, including the response brief, (doc. 66), was generated. Specifically, the declaration must explain precisely how the allegedly fabricated quotes (or other alleged misrepresentations) were generated. Finally, Mr. May is **ORDERED** to append to his filings a sworn certification that he has thoroughly reviewed all of his filings in this case and, if no other misrepresentations of law are found, that each representation of law is true and accurate.

Mr. May is **ORDERED** to appear at a show cause hearing at **9:30 AM Central Daylight Time on Thursday, March 26, 2026,** at the Huntsville Federal

4

Courthouse, Courtroom V.[2] Mr. May should be prepared to discuss the two allegedly false quotations raised in this Order, any other misrepresentation of law made in this case, and any misrepresentation of law made in any other case in the Northern District of Alabama for which Mr. May is counsel.

Mr. May is **DIRECTED** to advise the Treadwells of this order and to append to his pre-hearing filings sworn certification that such communication has occurred.

**DONE** and **ORDERED** on March 17, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

---

[2] Counsel for other parties to this case are not required to attend the show cause hearing.